## In re KNUDSEN.

(Court of Appeals of District of Columbia. Submitted November 16, 1921. Decided January 3, 1922.)

No. 1431.

Patents ⬅82—When experiment abandoned, and reasonable diligence not exercised to complete invention, patent properly denied.

Where the applicant's use of nonelastic material for an envelope in which to place meat during smoking was an abandoned experiment, and he had failed to couple his prior conception with reasonable diligence to his completion of the invention, a patent was properly denied.

Appeal from a Decision of the Commissioner of Patents.

Application by Even L. Knudsen for a patent. From a decision rejecting certain claims, the applicant appeals. Affirmed.

L. T. Greist and Wm. N. Cromwell, both of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents rejecting the following claims:

"1. An improved method of treating integral meat pieces, which consists in subjecting the pieces to compressive action in a close-fitting envelope of pervious fabric and subjecting to the action of heat and smoke while so confined, whereby the meat is shaped during smoking and the forming of fissures is prevented.

2. An improved method of treating joint meats, which consists in forcing the pieces into constrictive envelopes of pervious fabric and subjecting to the action of heat and smoke while so confined, whereby the envelope exerts a continuing pressure upon the meat during smoking and thus imparts a permanent set thereto."

Two claims of this application were involved in an interference proceeding, in which count 1 was limited to "a close-fitting jacket of porous elastic material," and count 2 to "an elastic porous jacket of stockinet." In that proceeding priority was denied the applicant here (Knudsen v. Fitzgerald, 48 App. D. C. 236), who now seeks the allowance of less limited, and therefore somewhat broader, claims.

In his specification the applicant clearly pointed out that the meat, while in pickled condition, was to be "incased in bags of fabric, stockinet being particularly adapted for the purpose, the bags being drawn snugly over the piece, so as to closely envelop the same. The yielding nature of the fabric permits the bag to be stretched over the meat, and causes it then to exert inward pressure thereon." Later in the specification it is pointed out that the bags may be lengths "cut from elastic tubing, referred to herein generally rather than specifically as stockinet, and are quite inexpensive, the ends being sewed or tied after the meat is inserted." The applicant further states that "an envelope of canvas or other nonelastic fabric might be employed," and he now contends that this expression entitles him to claims that would dominate the claims he lost in the interference proceeding.

The Commissioner of Patents points out that the testimony in the interference proceeding clearly showed that, long prior to the entry of this applicant into the field, it had been customary to treat hams in substantially the manner attempted to be covered by the appealed claims. The Commissioner further found that, even assuming that these claims are patentably different from the claims of the interference, the evidence in that proceeding showed that applicant's use of nonelastic material was, like his use of the elastic material, an abandoned experiment, and that the applicant "has failed to couple his prior conception with reasonable diligence to his completion of invention." We agree with the Commissioner, and therefore affirm his decision.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal.